BOYD, Justice
(dissenting):
The Full Commission is correct in holding that claimant has failed to establish a prima facie case of permanent total disability based on the evidence now in the record. I would deny certiorari and allow the case to go back to the Judge of Industrial Claims, as directed by the Full Commission, for further hearings, if necessary, and for the entry of a new order with findings of fact to support some degree of permanent disability based on diminution of wage earning capacity.
The Judge found that claimant’s residual physical disability attributable to the accident was relatively minor, 15% functional, and that claimant had made little or no attempt to secure employment of any kind subsequent to the first deposition taken by the employer’s carrier on June 13, 1968. Dr. Stanford, the treating orthopedist, whose testimony the Judge accepted, felt that claimant’s trouble was organic but testified he “could not explain or understand the continuance of this trouble over such a long period of time in the absence of more positive objective findings.” The Order of the Judge of Industrial Claims states:
“Dr. Stanford placed certain limitations on the work activity of Mr. Gibson. These included (1) he should not work more than 6i/¡ or 7 hours per day, (2) he should not lift anything over 85 pounds, (3) he should not do work requiring *265 much stooping or bending or climbing of stairs, and (4) he should not do work requiring him to climb a ladder. This physician did state that in his opinion Mr. Gibson should be able to do the job of a night watchman, a fruit checker checking in and out boxes of fruit, lifting anything under 85 pounds, and which did not require him to be on his feet steadily for more than six to seven hours.”
The foregoing limitations are not consistent with an award of permanent disability. The burden is on claimant to make a prima facie showing that, even though his physical limitations are minor, he has no employment potential. That burden has not been met on the record before us. Further, the findings in the order of the Judge of Industrial Claims are inconsistent with the award of permanent total disability.
For the foregoing reasons, I must respectfully dissent.
DEKLE, J., concurs.